**IN THE UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MICHAEL MALAVE and RACHEL MALAVE,** | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | ) Case No. 06-CV-0504-CVE-PJC<br>) |
| **SONIC INDUSTRIES, INC.,** an Oklahoma corporation, **SONIC OF BARTLESVILLE # 2, LLC,** an Oklahoma corporation, **THE HOUSE-STUMPFF LLC,** an Oklahoma limited liability company, and **STUMPFF LIFE & HEALTH INSURANCE, INC.,** an Oklahoma corporation, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| **Defendants,** | ) |

**OPINION AND ORDER**

Now before the Court is Defendants Stumpff Funeral Home, The House-Stumpff L.L.C. and Stumpff Life & Health Insurance, Inc.'s Motion for More Definite Statement (Dkt. # 11) and Defendant Sonic Industries Inc.'s Motion to Dismiss (Dkt. # 18). Defendants, Stumpff Funeral Home, The House-Stumpff L.L.C. and Stumpff Life & Health Insurance, Inc. (the "Stumpff defendants"), argue that plaintiffs' complaint (Dkt. # 2) "fails to provide Defendants notice of the basis of any claim against Defendants or even the legal theories on which Plaintiffs' claims are based." Dkt. # 11, at 1. Thus, the Stumpff defendants move for a more definite statement under Fed. R. Civ. P. 12(e). Defendant Sonic Industries Inc. ("Sonic Industries") moves to dismiss the claims against it under Fed. R. Civ. P. 12(b)(6). Plaintiff did not respond to either motion or request an extension of time to respond.

Under Fed. R. Civ. P. 12(e), the Court may require a party to cure defects in a vague or ambiguous pleading so as to allow the opposing party to frame a responsive pleading. Here, plaintiff's complaint states that each of defendants Sonic of Bartlesville #2 LLC, Stumpff Funeral Home, and Stumpff Life & Health Insurance "has a negligently designed and illegal access road that runs to it." Dkt. # 2, ¶¶ 7, 8, 9. It further states that "negligence caused the accident described herein." Id., ¶ 10. While plaintiffs' complaint states that Erin Samuel Crawford, one of the persons involved in the car accident, "was using the negligently designed and illegal road at the time of the accident herein," Id., ¶ 11, defendants point out that the accident did not occur on any of defendants' properties. Dkt. # 11, at 2. Thus they claim that "it is unclear on what legal theory or theories Plaintiffs have brought claims against these Defendants." Id. at 2. The Court agrees with the Stumpff defendants that it is unclear on what theory plaintiffs base their claim, including how and why defendants are allegedly liable for the accident. Thus, the Court grants the Stumpff defendants' motion for a more definite statement and directs plaintiffs' counsel to clearly delineate the claim or claims by count with particularity.

Defendant Sonic Industries argues that plaintiffs have failed to state an actionable claim against it. The complaint notes and Sonic Industries admits that Sonic Industries is an Oklahoma limited liability company that can be serves through its registered agent of service. Dkt. # 2, ¶ 3. The complaint contains no other reference to Sonic Industries. It only alleges that Sonic of Bartlesville # 2 LLC "has a negligently designed and illegal access road that runs to it." Id., ¶ 7. The Court finds no theory of liability stated in the complaint with respect to Sonic Industries. Additionally, although defendant The House-Stumpff L.L.C. ("House-Stumpff") does not raise this issue, the Court also notes that the complaint contains no reference to House-Stumpff, other than

a statement that House-Stumpff is a limited liability company.  Id., ¶ 5.  Rather than granting defendant Sonic Industries's motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court converts its motion into a Fed. R. Civ. P. 12(e) motion.  See 5C C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1376 (3d ed. 2004) (noting that courts can convert Rule 12(b)(6) motions into Rule 12(e) motions).  The Court grants the motion for a more definite statement and directs plaintiffs to specify the claim against defendants Sonic Industries and House-Stumpff.

**IT IS THEREFORE ORDERED** that Defendants Stumpff Funeral Home, The House-Stumpff L.L.C. and Stumpff Life & Health Insurance, Inc.'s Motion for More Definite Statement (Dkt. # 11) is hereby **granted**.  The Court **converts** Defendant Sonic Industries Inc.'s Motion to Dismiss (Dkt. # 18) from a Fed. R. Civ. P. 12(b)(6) motion to a Fed. R. Civ. P. 12(e) motion for more definite statement; the Court **grants** Defendant Sonic Industries Inc.'s motion for a more definite statement.  Plaintiffs are directed to submit an amended complaint that complies with this Order no later than **November 21, 2006**.  Further, the deadline for the parties to file the Joint Status Report is extended to **November 28, 2006.**

**DATED** this 9th day of November, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

3